1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF WASHINGTON

9

P. DALE DESKINS,

10
                              Plaintiff,

v.

11

ASSOCIATED CREDIT SERVICES,

12

INC., a Washington corporation;

13

ERIC M. SOLBERG, et ux.,

14

individually and his marital community,

15

and as an officer of ASSOCIATED

CREDIT SERVICES, INC., a

16

Washington corporation;

17

JON M. SOLBERG, et ux., individually

18

and his marital community, and as an

19

officer of ASSOCIATED CREDIT

SERVICES, INC., a Washington

20

corporation,

21

DAVID M. SOLBERG, individually

22

and his marital community, and as

23

an officer of ASSOCIATED CREDIT

SERVICES, INC., a Washington

24

corporation,

25

PAUL J. WASSON, et ux., individually

and his marital community, and as an

attorney, owner, and/or manager

of ASSOCIATED CREDIT

Case No. **CV-08-049LRS**

**PLAINTIFF'S COMPLAINT FOR
CIVIL MONETARY PENALTIES,
DAMAGES, INJUNCTIVE RELIEF,
TREBLE DAMAGES, AND OTHER
EQUITABLE RELIEF**

COMPLAINT - 1

RECEIVED
JAN 3 1 2008
CLERK, U.S. DISTRICT COURT
SPOKANE, WASHINGTON

P. Dale Deskins
Mailing Address: 12128 N. Division, #136
Spokane, WA 99218

SERVICES, INC.,                    )
                                   )
                Defendants.        )
                                   )
                                   )
                                   )
                                   )
                                   )
_____ )

COMES NOW plaintiff, in propria persona, for her Complaint and alleges as follows:

## JURISDICTION AND VENUE

1.    This is plaintiff's action arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. Sections 1692, *et seq.*, Fair Credit Reporting Act ("FCRA") 15 U.S.C. Section 1681, *et. seq.*, RCW 19.16., *et seq.* pertaining to collection agencies, and RCW 19.86, to obtain civil penalties, monetary damages, an injunction, and other equitable relief, due to defendants' ("defendants") violations of federal and state laws.

2.    This Court has jurisdiction over this matter under 28 U.S.C. Sections 1331, 1337, 1345, and 1355, and under 15 U.S.C. Sections 1691, and 1692, *et seq.* This action arises under 15 U.S.C. Section 45(a)(1) and 15 U.S.C. Section 1692, *et seq.*, 15 U.S.C. Section 1691, *et seq.*, R.C.W. 19.16, *et seq.*, and R.C.W. 19.86.

3.    Venue is proper in the United States District Court for the Eastern District of Washington under 28 U.S.C. Sections 1391(b-c) and 1395(a), and 15 U.S.C. Section 53(b).

## DEFENDANTS

4.    Defendant Associated Credit Services, Incorporated ("ASSOCIATED") is a for-profit corporation organized, existing, and doing business under the laws of the State of Washington. Its principal place of business is located at 12815 E. Sprague Ave Ste 200, Spokane Valley, Washington 99216.

COMPLAINT - 2

At all times relevant to this complaint, defendant ASSOCIATED transacted business in this district.

5.     Each of the individual defendants SOLBERG above-captioned, are officers and/or owners and/or managers of ASSOCIATED and reside in Spokane County, Washington or otherwise in this district.  Individually and in their capacity as officers and/or owners and/or managers of ASSOCIATED, defendants have formulated, directed, and controlled the acts and practices of ASSOCIATED, and all of its employees and agents, including the acts and practices alleged herein.  At all times relevant to this complaint, defendants, individually and acting through ASSOCIATED, have transacted business in this district.

6.     Defendant Paul J. Wasson is an attorney and/or owner, and/or officer, and/or employee, and/or agent of ASSOCIATED, and resides in Spokane County, Washington or otherwise in this district.  Individually and in his capacity as the attorney, and/or owner, and/or officer, and/or employee, and/or agent of ASSOCIATED, defendant Paul J. Wasson has formulated, directed, and controlled the acts and practices of ASSOCIATED, and all of its employees, and agents, including the acts and practices alleged herein.  At all times relevant to this complaint, defendant Wasson, individually and acting through ASSOCIATED, has transacted business in this district.

7.     Defendants are all "debt collectors" as defined in Section 803(6) of the FDCPA, 15 U.S.C. Section 1692a(5) and under R.C.W. 19.16, *et seq.*

## FAIR DEBT COLLECTION PRACTICES ACT

8.     In 1977, Congress passed the FDCPA ("the Act"), 15 U.S.C. Section 1692, *et seq.*, which became effective on March 20, 1978, and has been in force since that time.

9.     The term "consumer" under the Act, and as used in this complaint means any natural person obligated or allegedly obligated to pay any debt, as "debt" is defined in Section 803(5) of the FDCPA, 15 U.S.C. Section 1692a(5).

COMPLAINT - 3                                              P. Dale Deskins
                                      Mailing Address: 12128 N. Division, #136
                                                     Spokane, WA  99218

# FACTS

10.    This action is not about whether an alleged debt may be legitimate, but rather it is about the Rule of Law.

11.    On numerous occasions, in connection with the collection of debt, defendants as debt collectors, jointly and severally, have communicated with the plaintiff consumer, without the plaintiff's prior consent given directly to the debt collectors or the express permission of a court of competent jurisdiction:

    a.    at times or places that defendants knew or should have known to be inconvenient to the plaintiff consumer, including but not limited to communicating with the plaintiff at the plaintiff's workplace (a law firm) when the defendant debt collectors knew or should have known that it is inconvenient for the plaintiff to receive such communications, in violation of Section 805(a)(1) of the FDCPA, 15 U.S.C. Section 1692c(a)(1); and other state law(s), (see attachments), or

    b.    at the plaintiff consumer's workplace when defendants knew or had reason to know that the business owner (a lawyer) prohibited the consumer from receiving such personal communications, in violation of Section 805(a)(3) of the FDCPA, 15 U.S.C. Section 1692c(a)(3), and other state law(s) (see attachments).

12.    On more than one occasion, in connection with the collection of debts, defendants jointly and severally communicated with a third party (the business owner/lawyer at plaintiff's workplace by leaving messages) (see true and correct copies of notes in handwriting of lawyer) for purposes other than acquiring location information about the plaintiff consumer, without the prior consent of the plaintiff given directly to the defendants, or the express permission of a court of competent jurisdiction, and when not reasonably necessary to effectuate a post-

COMPLAINT - 4

P. Dale Deskins
Mailing Address: 12128 N. Division, #136
Spokane, WA  99218

1  judgment judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C.

2  Section 1692c(b), and other state law(s).

3      13.    On more than one occasion, in connection with the collection of debts,

4  defendants, jointly and severally, have communicated with the plaintiff consumer

5  at plaintiff's workplace, after plaintiff notified defendants on June 30, 2006 orally,

6  and in writing twice by facsimile transmission and via U.S. mail, and several times

7  thereafter via U.S. mail, and certified mail, return receipt requested, that the

8  plaintiff wished defendants to cease and desist from telephone and/or other

9  communications with the consumer, and to cease and desist from telephone calls

10  and other contact at her workplace (a law firm) in violation of Section 805(c) of the

11  FDCPA, 15 U.S.C. Section 1692c(c), and other state law(s) (see attachments).

12      14.    On more than one occasion, in connection with the collection of debts,

13  defendants jointly and severally have engaged in conduct the natural consequence

14  of which is to humiliate, embarrass, harass, oppress, or abuse plaintiff at her

15  workplace to coerce her to pay a debt, in violation of Section 806 of the FDCPA,

16  15 U.S.C. Section 1692d, 15 U.S.C. 1691, *et seq.,* and other state law(s), including

17  but not limited to the following:

18          a.    causing a telephone to ring at plaintiff's workplace (a law firm),

19              leaving repeated messages at plaintiff's workplace through the

20              business owner (a lawyer), trying to engage any person in

21              telephone conversation repeatedly or continuously at plaintiff

22              consumer's workplace, and walking directly into plaintiff's

23              workplace twice, after being notified orally and in writing

24              previously by the plaintiff to cease and desist contacting her at

25              her workplace, with the intent to annoy, abuse, or harass

               plaintiff, in violation of Section 806(5) of the FDCPA, 15

               U.S.C. Section 1692d(5), and other state law(s). (see

               attachments).

COMPLAINT - 5

15.    On more than one occasion, in connection with the collection of a debt, defendants jointly and severally have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. Sections 1681, *et seq.,* and 1692e, and other state law(s), including but not limited to the following:

        a.    falsely representing the character, amount, or legal status of any debt, including the legal owner of any alleged debt (the animal for which the subject veterinary services was performed was owned by an entity separate from plaintiff), in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C. Section 1692e(2)(A), Section 1681, *et seq.,* and other state law(s) (see attachments), or

        b.    using any false representation or deceptive means to collect or attempt to collect any debt, in violation of Section 807(10) of the FDCPA, 15 U.S.C. Section 1692e(10), Section 1681, *et seq.,* and other state law(s) (see attachments).

16.    In connection with the collection of a debt, defendants jointly and severally have violated Section 1692i(a)(2)(A &B) of the FDCPA in filing an invalid lawsuit against plaintiff in the wrong jurisdiction in Spokane County District Court when defendants knew, or should have known, that the Spokane County District Court did not have personal jurisdiction over the plaintiff as plaintiff is not a Spokane County citizen, and subsequently communicating with plaintiff at her workplace in Spokane County through service of an invalid summons and complaint (within earshot of the business owner) (see attachments), which constitutes oppressive and harassing acts under the FDCPA, and other state law(s).

17.    In connection with the collection of a debt, defendants jointly and severally have violated Section 807(2)(A) of the FDCPA, 15 U.S.C. Section

COMPLAINT - 6

1   1692e(2)(A) of the FDCPA, and other state law(s), in wrongfully filing a civil

2   lawsuit against this plaintiff individually, when defendants knew or should have

3   known, that prior veterinary services on the subject animal had been paid for by a

4   business entity separate and distinct from this individual plaintiff, and that the

5   subject animal was owned by that business entity (see attachments).

6         18.    Defendants' repeated phone calls, phone messages and personal

7   contacts with plaintiff at plaintiff consumer's workplace, from attorney defendant

8   Paul J. Wasson, the debt collector representing defendant ASSOCIATED (a repeat

9   player well acquainted with the legal standards governing their collection

10  industry), violated plaintiff's right to privacy, and violated the FDCPA Section

11  1692c(c), and other state law(s), as those phone calls, messages, and other personal

12  contacts were designed through oppression to encourage plaintiff to waive her

13  statutory right[s] and protections by returning his phone calls and other contacts

14  (see attachments).  Other than as permitted by Section 1692c(c), a debt collector

15  who has received a cease communications order from a consumer must not contact

16  the consumer unless it has received a clear waiver of that directive from that

17  consumer, and this plaintiff consumer has not waived any oral or written directive

18  to defendants.

19        19.    In connection with the collection of a debt, defendants jointly and

20  severally have violated Section 15 U.S.C. Section 1692e(9) and (10) of the

21  FDCPA, and other state law(s), through its agent and attorney Paul J. Wasson who

22  does not have "meaningful involvement" in the collection process.  Attorney

23  defendant Paul J. Wasson stated in a phone call to this plaintiff on January 10,

24  2008 (following a hearing in Spokane County dismissing defendants' case against

25  plaintiff), that he was not aware of any Notice from plaintiff that gave defendants a

directive not to contact her at her workplace, and that if plaintiff had given notice

to defendants he stated, "it may be in ASSOCIATED Credit's file".  This statement

was made in the face of several oral and written communications to defendants by

COMPLAINT - 7

P. Dale Deskins
Mailing Address: 12128 N. Division, #136
Spokane, WA  99218

1   plaintiff (see attachments) to cease and desist from contacting her at her workplace,

2   made via verified facsimile transmission and certified mail (beginning on or

3   around June 30, 2006, or earlier), and signed as received by the ASSOCIATED

4   defendants. (see attachments). The statements made by defendant Paul J. Wasson

5   to plaintiff indicate that attorney Wasson has little or no direct personal

6   involvement with plaintiff's individual account, and that Wasson did not review the

7   plaintiff's file, in violation of the pertinent sections of the FDCPA and other state

8   law(s), before filing suit or communicating with the plaintiff at her workplace.

9   Moreover, defendant Wasson directed that this lawsuit be filed in Spokane County,

10  not the County of residence of plaintiff, also indicating that Wasson had not

11  meaningfully reviewed the creditors' files (nor conducted any independent

12  investigation as to where plaintiff resided.)

13      20.    Defendants' lawsuit and pleadings in Spokane County District Court

14  were invalid as to plaintiff, as plaintiff does not reside in Spokane County,

15  therefore defendants' pleadings were simply another communication from a debt

16  collector ("informal" versus "formal" pleadings) which failed to contain the mini-

17  Miranda notice on their face, violating 15 U.S.C. Section 1692e(11) of the

18  FDCPA, and other state law(s) (see attachments).

19      21.    In connection with the collection of a debt, defendants jointly and

20  severally have violated 15 U.S.C. Section 1692e(11) of the FDCPA, and other state

21  law(s), in failing to state in every personally drafted communication and telephone

22  call to plaintiff that it was made by a debt collector (including the response by

23  defendants to plaintiff's specific inquiries dated 12/04/07 from "David M. Solberg,

24  Secretary/Treasurer") and phone calls from attorney Paul Wasson and other

25  employees (see attachments), and which collectors must disclose, and that

defendants have failed to maintain procedures reasonably adapted to avoid any

such error.

COMPLAINT - 8

P. Dale Deskins
Mailing Address: 12128 N. Division, #136
Spokane, WA  99218

22.     Under general principles of agency -- which form the basis of vicarious liability under the FDCPA and state law(s), individual liability among the defendants is appropriate, and particularly since Congress intended the actions of an attorney (or his agents such as process servers) to be imputed to the client on whose behalf they are taken, as the "principal" exercises control over the conduct or activities of the "agent" (see attachments).

24.     Defendants are jointly and individually liable to plaintiff for damages under the FDCPA, FCRA, and other state law(s), as the FDCPA, FCRA, and its counterparts are strict liability statutes, and these statutes are to be construed liberally in favor of the consumer.

25.     Plaintiff has suffered mental anguish and emotional distress as a proximate cause of defendants' repeated illegal contacts with her at her workplace and other violations of the FDCPA, FCRA and state law(s) resulting in loss of reputation, loss of sleep, loss of appetite, anxiety, compromised workplace performance, depression, loss of time and income, withdrawal from social interactions, and other emotional and mental distress, as plaintiff believed and continues to believe the defendant debt collectors' abusive tactics have placed her in a false light, and plaintiff may be in jeopardy of losing her job (since 1/2004 in a law firm as a paralegal), and future income, and have interfered with the business relationship with the business owner/lawyer to her detriment.

## MONETARY PENALTIES AND INJUNCTION FOR
## VIOLATIONS OF THE FDCPA

26.     Defendants have violated the FDCPA and state law(s) as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances.

27.     Plaintiff does not need to show that defendants' actions were intentional.

COMPLAINT - 9

P. Dale Deskins
Mailing Address: 12128 N. Division, #136
Spokane, WA 99218

28.     Each instance preceding the filing of this complaint, in which each defendant has failed to comply with the FDCPA and state law(s) in one or more of the ways described above, constitutes a separate violation for which plaintiff seeks $1,000 in monetary civil penalties, an injunction, and other damages against defendants and each of them, jointly and severally, as plaintiff could have brought separate actions for each violation occurring on different dates during the past 12 months.

29.     The FDCPA authorizes this Court to award monetary civil penalties of $1,000 under the FDCPA, other damages, and discretionary equitable relief.

30.     Although defendants' numerous FDCPA violations are predicated upon one set of circumstances, the nature of noncompliance by defendant should be considered by the Court as a factor in calculating the degree of plaintiff's damages.

31.     The FDCPA and state law authorizes this Court to issue a permanent injunction to ensure that defendants will not continue to violate the FDCPA and other state law(s) as to continued unlawful contact with this plaintiff for the purpose of collecting an alleged debt.

## ADDITIONAL VIOLATIONS UNDER FAIR CREDIT REPORTING ACT ("FCRA") 15 U.S.C. 1681, *et seq.*

32.     Information may not be reported to credit bureaus in a way which may be technically accurate, but likely to be misleading or materially incomplete.  15 U.S.C. 1681s-2(b)(1)(D).  Any change to information reported by a furnisher based upon a consumer's dispute and the furnisher's investigation into the dispute also must be made by the furnisher to all CRAs to which the furnisher reports.

COMPLAINT - 10

P. Dale Deskins
Mailing Address: 12128 N. Division, #136
Spokane, WA  99218

33.    As of 5/9/07, defendants and each of them (furnishers under the FCRA) were fraudulently misrepresenting and reporting the alleged obligation to Deer Park Veterinary Clinic under account number "584193" simply as "unpaid" on plaintiff's Equifax Credit Bureau Report (see attached), and other credit bureau reports, rather than as "disputed" as reported by the original creditor to defendants (see attached), constituting a violation under the Fair Credit Report Act and FDCPA.

34.    The FDCPA prohibits debt collectors from making false statements about the character, amount, or legal status of a debt.

35.    Plaintiff disputed the alleged debts on or about June 30, 2006, or earlier. A debt collector violates the FDCPA and the Fair Credit Reporting Act if it reports a debt that it knows, or should know, to be false. As of 5/9/07, the date plaintiff received her credit report from information contained in Equifax, plaintiff's account was not reported by the defendants as "disputed" constituting an illegal act.

36.    In reporting such information in a misleading and wrongful way to credit bureaus, defendants have invaded plaintiff's privacy and defamed plaintiff's credit standing and creditworthiness, resulting in injury to plaintiff.

COMPLAINT - 11

P. Dale Deskins
Mailing Address: 12128 N. Division, #136
Spokane, WA  99218

## MONETARY PENALTIES AND PENALTIES FOR OTHER VIOLATIONS OF RCW 19.16.450 (Revised Code of Washington)

37.    In connection with the collection of a debt, defendants jointly and severally have violated RCW 19.16.450(12), which prevents the debt collector from

communicating with a debtor or anyone else in such a manner as to harass, intimidate, threaten, or embarrass a debtor, including but not limited to communication at an unreasonable hour, with unreasonable frequency, by threats of force or violence, by threats of criminal prosecution, and by use of offensive language. A communication shall be presumed to have been made for the purposes of harassment if:

(a) It is made with a debtor or spouse in any form, manner, or place, more than three times in a single week;
(b) It is made with a debtor at his or her place of employment more than one time in a single week . . . (see attachments).

## VIOLATION OF RCW 19.16.250 — ADDITIONAL PENALTY

38.    In connection with the collection of a debt, defendants jointly and severally have violated state law, RCW 19.16.250, which states,

that if an act or practice in violation of RCW 19.16.250 is committed by a licensee or an employee of a licensee in the collection of a claim, **neither the licensee, the customer of the licensee, nor any other person who may thereafter legally seek to collect on such claim shall ever be allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim . . .**

COMPLAINT - 12

P. Dale Deskins
Mailing Address: 12128 N. Division, #136
Spokane, WA  99218

(emphasis added)

## TREBLE DAMAGES FOR VIOLATIONS OF THE WASHINGTON STATE CONSUMER PROTECTION ACT, RCW 19.86

39.     In connection with the collection of a debt, defendants jointly and severally have violated RCW 19.16.250, which is an unfair and deceptive trade practices under Chapter 19.86 RCW, **providing for treble damages**, and which states:

> The operation of a collection agency or out-of-state collection agency without a license as prohibited by RCW 19.16.110 and the commission by a licensee or an employee of a licensee of an act or practice prohibited by RCW 19.16.250 are declared to be unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the Consumer Protection Act found in chapter 19.86 RCW,

and

### RCW 19.86.090

### Civil action for damages — Treble damages authorized — Action by governmental entities.

> Any person who is injured in his or her business or property by a violation of RCW 19.86.020, 19.86.030, 19.86.040, 19.86.050, or 19.86.060, or any person so injured because he or she refuses to accede to a proposal for an arrangement which, if consummated, would be in violation of RCW 19.86.030, 19.86.040, 19.86.050, or 19.86.060, may bring a civil action in the superior court to enjoin further violations, **to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee, and the court may in its discretion, increase the award of damages to an amount not to exceed three times the actual damages sustained . . .**

(emphasis added)

COMPLAINT - 13

P. Dale Deskins
Mailing Address: 12128 N. Division, #136
Spokane, WA 99218

1

## PRAYER FOR RELIEF

2        WHEREFORE, plaintiff respectfully requests that this Court, acting

3
pursuant to 15 U.S.C. Sections 1692, *et seq.*, and RCW 19.16.450, RCW
4

5   19.16.250, RCW 19.86, *et seq.*, and its own equitable powers:

6
        1.      Enter judgment against defendants and each of them, jointly and
7
8               severally, and in favor of plaintiff for $1,000 for every violation of the

9               FDCPA, FRCA, and/or state law(s) as alleged in this complaint, as
10
11              plaintiff could have brought a separate action for each violation

12              committed;

13
        2.      Enter an injunction prohibiting the defendants, and each of them, and
14
15              their representatives, agents and assigns from all further contact with

16              plaintiff at her workplace;
17
18      3.      Enter an injunction prohibiting defendants, and each of them,

19              hereafter legally seeking to collect on its alleged subject claim(s) to
20
                ever be allowed to recover any interest, service charge, attorneys' fees,
21
22              collection costs, delinquency charge, or any other fees or charges

23              otherwise legally chargeable to the debtor on such claim pursuant to
24
25              RCW 19.16.250;

        4.      Award damages to plaintiff in the court's discretion against

                defendants, and each of them, for emotional and mental distress and

COMPLAINT - 14                                           P. Dale Deskins
                                          Mailing Address: 12128 N. Division, #136
                                                         Spokane, WA 99218

by defendants following several cease and desist directives by

plaintiff to defendants;

5.      Award plaintiff any attorney fees and costs incurred by plaintiff

necessary and relevant to this action;

6.      Award damages to plaintiff in treble the total amount of the damage

calculation in this court's discretion, under RCW 19.86, *et seq.* as

violations subject to the Washington State Consumer Protection Act;

7.      Award plaintiff other relief as the Court deems proper in the premises

DATED this _3/st_ day of _January_, 2008.


_P. Dale Deskins_
**P. DALE DESKINS, Plaintiff**
**In Propria Persona**


## CERTIFICATION

I hereby certify under penalty of perjury that the attached timeline represents
for the most part notes and/or documents and things which are contained in my
records and files.

Dated: _1-31-08_


_P. Dale Deskins_
**P. DALE DESKINS**


COMPLAINT - 15

P. D. Deskins
Mailing Address: 12128 N. Division, #136
Spokane, WA  99218

# TIMELINE OF EVENTS

| DATE | DESCRIPTIONS OF ACTIONS TAKEN |
|---|---|
| 6/30/2006 | Contacted by Associated Credit at Workplace by Telephone and I asked them to cease and desist from calling me, and to write to me at 12128 N. Division, #136, Spokane, WA 99218. Also disputed debt. |
| 6/30/2006 | Faxed letter to Associated Credit twice in follow-up to cease a desist oral directive and sent letter via U.S. mail to Associated Credit, also disputing and asking for validation |
| 5/9/2007 | Two fax acknowledgements as "received". Pulled credit report from Equifax which listed debt by Associa as "unpaid" collection rather than as "disputed" (both with original creditor and with Associated) |
| 11/16/2007 | Paul Wasson filed summons/complaint in Spokane County District Court against me. |
| 11/28/2007 | Associated Credit served me with Summons/Complaint at my workplace in Spokane County. Filed lawsuit in Spokane County, which is wrong jurisdiction as I reside in Stevens County; No mini-Miranda warning on invalid therefore informal pleadings. |
| 11/28/2007 | Telephoned and left message for Irene at Associated Credit re: violating cease and desist not to contact me at my workplace and that I did not reside in Spokane County, and that they filed lawsuit in wrong jurisdiction, etc. |
| 11/29/2007 | Followed up with a letter via certified mail, return receipt requested. Received by Associated Credit and signed for on 11/30/07. |
| 11/30/2007 11/29/07 | letter delivered at 12:26 pm on 11/30/07. |
| 11/30/2007 | 2 telephone messages left at my workplace from attorney Paul J. Wasson, in spite of cease & desist. Both messages taken by lawyer/employer |
| 12/4/2007 | Another telephone message left at my workplace from attorney Paul J. Wasson, in spite of cease & desists. Employer now angry because he is forced to continue taking messages from Wasson - "Call Now". Forced to explain to employer that Wasson was asked not to contact me at workplace, and that I would not be calling him back, and thereby waiving my cease and desist directive |
| 12/4/2007 | Also faxed letter, with acknowledgment to Wasson; felt shame and embarassment w/employer. Letter prepared by owner of Associated Credit in response to cease/desist/validation letter from me. Enclosing information from original creditor stating bill was questioned by me at time of service. No mini-Miranda warning contained on letter from debt collector, etc. |
| 12/4/2007 | Certified letter to Paul Wasson again asking him to cease & desist contacting me at my workplace; signed for on 12/5/07 at 11:29 am, and forced to CC my employer with copy of letter. Felt embarassed and humiliated. |
| 12/13 & 14 2007 | Forced to take time away from work to prepare Answer to Associated's complaint filed in wrong jurisdiction; argued jurisdiction; mailed Answer certified mail to Wasson, filed with Court. |

16

| DATE | DESCRIPTIONS OF ACTIONS TAKEN |
|------|-------------------------------|
| 12/17/2007 | Answer signed for by Associated Credit on 12/17/07 |
| 1/4/2008 | Another contact from Paul Wasson at my workplace, personally serving me with Notice of Hearing in Spokane Co. |
| 1/4/2008 | Letter to Paul Wasson from me, reiterating violations of FDCPA, FCRA, demand for settlement, etc. Letter sent via fax and certified mail, and acknowledged as received. |
| 1/11/2008 | Paul Wasson dismisses Associated's complaint without prejudice in Spokane County District Court; I did not attend hearing; Wasson telephoned me after hearing and intimated he would be re-filing in Stevens County by asking if Stevens County was the correct jurisidict Also Wasson stated he saw nothing in his files concerning a "cease and desist" from contacting me at my workplace; also stated "maybe it's in Associated's files." I complained to him over the phone about their numerous violations under the FDCPA. Wasson still was seeking information about the debt from me, asking me various questions, etc. I advised I would be filing complaint in Federal Court, and he stated he would look at it. |

**PLAINTIFF HAS STRICT PROOF OF ALL OF THE ABOVE ACTIONS IN THE FORM OF LETTERS, FAX ACKNOWLEDGEMENTS AND/OR CERTIFIED MAIL RETU & OTHER DOCUMENTS**

17